## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BRAYAN PEREZ MACEDO, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04220 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Brayan Perez Macedo filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 27, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) equal protection, (iii) the Supremacy Clause, and (iv) the Administrative Procedure Act. Id at ¶¶55–80.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2. The Government requested and received an extension of its response deadline. Dkts 5 (motion) & 8 (order).

Pending also is a motion by the Government for summary judgment. Dkt 9. It maintains on the merits that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1.

It also contends that each of his substantive claims fail on the merits. Id at 4–14.

Petitioner on reply reasserts his due process claims. See Dkt 10 at 2–13.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The above decisions foreclose all of Petitioner's claims except as to the Supremacy Clause. Dkt 1 at ¶¶67–73. Such claim asserts that because the Constitution is the "supreme Law of the Land," reliance on "statutory detention authority to foreclose meaningful constitutional review raises serious violations under the Supremacy Clause." Id at ¶¶68–69.

The Supremacy Clause states simply and directly:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

US Constitution, article VI, clause 2.

The Supreme Court observes that the Supremacy Clause stands for the proposition that "Courts 'shall' regard the 'Constitution,' and all laws 'made in Pursuance thereof,' as 'the supreme Law of the Land.'" *Armstrong v Exceptional Child Center, Inc*, 575 US 320, 324 (2015). In practical effect, it "instructs courts what to do when *state and federal law* clash." Id at 325 (emphasis added). The Supreme Court has also made clear that the Supremacy Clause is not the "source of any federal rights," and "certainly does not create a cause of action." Id at 324–25.

To the extent that Petitioner seeks relief directly under the Supremacy Clause, such claim fails as a matter of law. The necessary review considers whether a federal statute conforms to the dictates of the Constitution. Petitioner's present detention under §1225(b)(2)(A) is in conformance, as determined above with respect to Petitioner's other stated challenges.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Brayan Perez Macedo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 18, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge