United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | STANDING ORDER |
| | § | NUMBER 2026-01 |
| IN RE | § | |
| HABEAS MATTERS | § | |
| CONCERNING | § | JUDGE CHARLES ESKRIDGE |
| 8 USC §1225(B)(2)(A) | § | |
| | § | |
| | § | |

## ORDER

A petition for writ of *habeas corpus* was previously dismissed on the docket in which this Standing Order is now filed, and final judgment was entered.

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16.

It is noted that the Fifth Circuit stated that its decision "does not apply to any alien held under Section 1226(c), or under any other statutory provision requiring detention without bond." Id at *17.

If relief is believed to be available and warranted under *Sosnava Rodriguez*, Petitioner in the action on which this Standing Order is filed may promptly bring a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

Upon the filing of any such motion, the Government is ORDERED to file any response within three days.

A hearing will be promptly set if determined necessary after any such filings.

Petitioner is advised also to consider in the alternative whether grounds exist to bring a new petition in a separate action in light of the above-cited decision, if desired.

SO ORDERED.

Signed on July 8, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge